LOUIS BROWN AND OTHERS, AS BROWN BROS. & CO., APPELLANTS, *v.* E. H. PARSONS, RESPONDENT.

JUDGMENT BY DEFAULT.— MOTION TO VACATE.— UNAUTHORIZED INSTITUTION OF SUIT.—AGENCY.—After the rendition, in an action of claim and delivery, of a judgment against plaintiffs, ordering the return of the goods or the payment of a certain sum, they moved to set aside the judgment on the ground that the action was brought without their authority. It appeared that M., a traveling salesman of plaintiffs, engaged the attorneys to bring the suit, and defendant's attorney stated that he saw him packing the goods which were shipped to O., a town where plaintiffs had other goods stored, also that he saw M. unpack the goods in O. and place them with other goods of plaintiffs. There was no affidavit on the part of M. filed, though he was still in plaintiffs' employ and was the principal actor in the whole transaction, nor was the absence of his testimony in any manner accounted for. Plaintiffs stated that they had not authorized M. to bring the action, and one witness stated that he had charge of plaintiffs' goods in the town of O., and that the replevined goods were not brought there. It also appeared that M. had been authorized to bring a similar action against other persons. *Held* that M. had authority

to bring the action, and that plaintiffs, by accepting the goods, ratified his acts.

(No. 479.   Decided June 23, 1894.   37 P. R. 346.)

APPEAL from the District Court of the Third Judicial District, Hon. Charles S. Zane, *Judge.*

Claim and delivery by Louis Brown and others, as Brown Bros. & Co., against E. H. Parsons. There was a judgment for defendant, and from an order denying plaintiffs' motion to set aside the same, they appeal. *Affirmed.*

*Mr. S. H. Lewis,* for appellants.

The motion to vacate the judgment, filed before the expiration of the term, is a direct attack upon the judgment, is proper, if not the only proceeding, available to appellants. *Vilas* v. *R. R. Co.,* 123 N. Y. 440, 20 Am. St. Rep. 771; *Harshey* v. *Blackmarr,* 20 Ia. 161, 89 Am. Dec. 530; *Corbitt* v. *Timmerman,* 95 Mich. 581, 35 Am. St. Rep. 586; *Magin* v. *Lamb,* 43 Minn. 80, 19 Am. St. Rep. 216; *Park* v. *Higby,* 6 Utah, 414; *Olney* v. *Harvey,* 50 Ill. 453, 99 Am. Dec. 530; *People* v. *Green,* 74 Cal. 400, 5 Am. St. Rep. 450; Black on Judg. §§ 303–6–7; Freem. on Judg. § 98; Mechem on Agency, § 810; 12 Am. Ency. of Law, p. 127. A judgment obtained by an unauthorized appearance of an attorney is void. Freem. on Judg. §§ 117–120; *Great Western Co.* v. *Woodman Co.,* 12 Col. 46, 13 Am. St. Rep. 205; *Shelton* v. *Tiffin,* 6 How. (U. S.) 186; *Winters* v. *Meads,* 25 Neb. 241, 13 Am. St. Rep. 491; *Price* v. *Ward,* 25 N. J. Law, 229; *Anderson* v. *Hanke,* 115 Ill. 33; *Kirschbaum* v. *Scott,* 35 Neb. 200; *Reynolds* v. *Fleming,* 30 Kan. 106. A judgment obtained by an unauthorized appearance of an attorney will be set aside in equity, irrespective of the question whether the attorney is responsible or not.

Hayne on New Trial & App. § 339, p. 1013; Mechem on Agency, § 810; Freem. on Judg. § 499; *Vilas* v. *Rwy. Co., supra; Shelton* v. *Tiffin, supra; Anderson* v. *Hanke, supra; Bradley* v. *Welch,* 100 Mo. 258, S. C. 12 S. W. R. 911.

*Mr. John W. Judd* and *Messrs. Smith & Smith,* for respondent.

There can be no recovery against plaintiffs' bondsmen until a recovery against the plaintiff in this action. 2 Comp. Laws 1888, § 3290; *Loone* v. *Sweeney,* 1 Mont. 584. Affirmed in 2 Wall. 208. Plaintiffs ratified the acts of their agent by receiving the goods. "By taking a benefit from the acts of a wrong-doer a party necessarily adopts it entire, including the fraud, if it is fraudulent." Bishop on Con. §§ 1112–1114; *Bennett* v. *Judson,* 21 N. Y. 238.

MINER, J.:

The record in this case shows that E. H. Parsons, as United States marshal, seized the goods in question in this case by virtue of a writ issued in the case of *L. Lisheimer et al.* v. *Louis Lapiner.* Marcus Metz, acting as agent for the plaintiffs, then employed Rhodes & Nelson as attorneys to bring this action in claim and delivery to obtain possession of the goods so seized by Parsons. The goods were replevined upon the writ, and delivered over to Metz. Upon the trial of this case, S. S. Markham appeared as attorney for the plaintiffs. The defendant obtained judgment for the return of the goods, and, in default thereof, for their value, assessed at $1,000. Soon after this judgment was obtained, the plaintiff moved the court to set aside and vacate the judgment on the ground that neither Rhodes & Nelson, Marcus Metz, nor S. S. Markham were employed or authorized by them to commence suit or

15

prosecute the same; that the plaintiff never authorized said action to be commenced, and that the court had no jurisdiction to render judgment therein. Upon the hearing of this motion, several affidavits were filed in support and in opposition thereto. Each of the four partners of the plaintiff firm testify that no authority was given to said attorneys or to Metz to bring said action, or to appear for the plaintiffs therein.

Upon the part of the defendant the affidavit of L. R. Rhodes was filed, showing that he was employed in said action by Marcus Metz, and brought such action under his authority. The affidavit of H. W. Smith was also filed, wherein he testified, in substance, that when the goods were replevined he was acting as the attorney for the defendant, and that they were turned over by the sheriff to Marcus Metz; that he saw Metz packing said goods at Salt Lake City, and at that time Metz stated that he was going to send them to Ogden, and place them with other goods of the plaintiffs; that a short time after this he saw Marcus Metz unpacking said goods in the store at Ogden, where the plaintiffs had other goods. Mr. Pingree testifies that, as assignee of Lapiner, he sold to Brown Bros. & Co. all the stock of goods belonging to said assignor at Ogden, and delivered them to plaintiffs at Ogden. Abe Brown testifies that no goods were brought from Salt Lake by Metz or any one else, and placed with the goods purchased from the assignee, and that plaintiffs never had or saw said goods referred to by H. W. Smith. Charles Goodstein testifies that he had charge of the goods purchased from the assignee at Ogden during all the time the goods were at Ogden, and that neither Marcus Metz nor any other person brought any goods from Salt Lake City or elsewhere, and placed them with the stock of goods purchased from the assignee; and that neither himself nor the plaintiff ever had or received any of said

goods referred to in the affidavit of H. W. Smith, and that, if said goods had been brought to Ogden, or placed in his store, he would have known it.

It appears from other testimony that Metz was acting as salesman of the plaintiffs at this time, and that by authority of plaintiffs he acted in their behalf in the settlement or purchase of the goods in the first instance, from the assignee, and commenced a suit against Lapiner at Ogden, and that Rhodes and Nelson were paid for their services in such matters, but not for any services in this suit. Upon an examination of the testimony we find that Marcus Metz, who was the principal actor in the whole transaction, does not file any affidavit, nor in any manner explain the testimony in the case, nor is the absence of his testimony in any manner accounted for. He was the traveling salesman for the plaintiffs. He commenced a suit for the plaintiffs against Lapiner and garnished several preferred creditors of Lapiner by the direct authority of the plaintiffs. The goods purchased in this action are supposed to have been a part of the same stock purchased by plaintiffs from Pingree, the assignee of Lapiner, through the agency of Metz. The testimony is very conflicting. The total absence of the testimony of Metz concerning matters in which he was the principal actor, or in explanation or contradiction of the testimony of Mr. Smith, looks suspicious. He was still in the employ of the plaintiffs, yet no explanation is given for his absence at the hearing, nor why his affidavit was not procured. If the plaintiffs had the benefit of the results of this action, and appropriated the goods obtained by the writ issued by the direction of Metz, thereby ratifying his acts, and affirming his agency, they should not now be heard in repudiation of his authority. From the whole transaction, we are inclined to the belief that Metz had authority to commence the suit, and that plaintiffs subsequently ratified his acts by

receiving the goods into their stock at Ogden, and received the proceeds thereof. The judgment of the district court is affirmed, with costs.

BARTCH, J., concurs.